"Document Electronically Filed"
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZAZZALI, P.C.
570 BROAD STREET – SUITE 1402
NEWARK, NEW JERSEY 07102-5410
(973) 623-1822
Attorneys for Petitioners

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, P.C.<br><br>Petitioners,<br>v.<br><br>A&R FENCE AND GUIDERAIL, LLC.<br><br>Respondent. | HON.<br>CIVIL ACTION NO.: 25-1593<br><br>**ORDER AND JUDGMENT CONFIRMING ARBITRATION AWARD AGAINST**<br>**A&R FENCE AND GUIDERAIL, LLC.** |

This matter having come before the Court on petitioners' motion to confirm arbitration award; this Court having found that respondent is bound to a written Collective Bargaining Agreement which provides for the submission to arbitration of any controversies concerning delinquent payment to petitioner Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds, and Safety, Education and Training Funds; this dispute having been submitted to an arbitrator who, upon a hearing with proper notice to all parties, entered an award; this Court having jurisdiction to enforce the awards of arbitrators pursuant to 9 U.S.C. §9; the Court having considered the written submissions of petitioners, Pursuant to Fed. R. Civil. R. 78, in light of the fact that respondent has not submitted opposition to the motion; and for good cause shown:

It is on this __25th__ day of _____March_____ 2025, ORDERED as follows:

1. The Arbitration Award against Respondent **A&R FENCE AND GUIDERAIL, LLC.,** dated **January 30, 2025** is hereby confirmed;

2. Judgment is hereby entered against Respondent and in favor of Petitioner Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds, and Safety, Education and Training Funds ("Funds") in the amount of $43,353.99, representing the delinquent contributions due to the Funds under the collective bargaining agreement for the relevant period, subject to adjustment by audit as allowed herein;

3. Judgment is hereby entered against Respondent and in favor of Petitioner Funds in the amount of $578.05, representing the interest, accrued at the rate of eight percent (8%) per annum under the collective bargaining agreement, on the above delinquent contributions;

4. Judgment is hereby entered against Respondent and in favor of Petitioner Funds in the amount of $2,167.70, representing liquidated damages equal to five percent (5%) of the above delinquent contributions multiplied by the number of months or partial months that elapsed between the due date and the date the contributions were actually paid in full to the Funds, subject to a maximum of twenty percent (20%) of the delinquent contributions;

5. Judgment is hereby entered against Respondent and in favor of Petitioner Zazzali, P.C. in the amount of $8,670.80, representing reasonable attorneys' fees equal to twenty percent (20%) of the delinquent contributions, or in the amount of twenty percent (20%) of the adjusted amount of delinquent contributions shown to be due by audit as allowed herein, plus interest of ten percent (10%) per annum accruing from the Award date on any attorneys' fees not paid to Petitioner Zazzali, P.C. within thirty (30) days of the Award date;

6. Judgment is hereby entered against Respondent and in favor of Petitioner Funds in the amount of $1,500.00, representing the arbitrator's fee.

7. On the basis of the foregoing, judgment is hereby entered against Respondent and in favor of Petitioners in the total amount of **$56,270.54**.

8. In the event that additional efforts or services of any nature must be performed by Petitioner Zazzali, P.C. in order to recover any amount due on the judgment after issuance of a court order confirming the Award, Respondent shall pay Petitioner Zazzali, P.C. supplementary attorneys' fees equal to ten percent (10%) of the total amount due to Petitioner Funds.

9. Respondent shall permit the Trustees of the Funds or their agents, at the Trustees' discretion, to conduct an audit of the payrolls and records of the Respondent as considered pertinent by the Trustees from January 1, 2020 to date.

10. In the event that Respondent is unwilling or unable to pay delinquent contributions, Petitioner Funds shall have the right to examine all records of Respondent including all financial records in order to determine whether in fact there are assets, the location of such assets, and whether assets have been conveyed, directly or indirectly to any other person or entity.

                                                    */s/ Edward S. Kiel*
                                                    **Edward S. Kiel**
                                                    **United State District Judge**